IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YUMIKO NAKANO STEGNER, ET AL. | : | |
| | : | |
| v. | : | CIVIL NO. CCB-08-1526 |
| | : | |
| ESTATE OF JENNIFER CARTER | : | |

...o0o...

**<u>MEMORANDUM</u>**

Liability is stipulated in this tragic case involving the death of Robert Stegner, then age 49, a senior program manager at Lockheed Martin, and his son Sean, then age 14. They were killed on December 17, 2007, in an automobile accident caused by Jennifer Carter, then 27, who was herself killed. It is not disputed that Ms. Carter, driving a 2003 Cadillac Escalade northbound on U.S. Route 15, at approximately 108 miles per hour, ran into the rear of another vehicle in front of her, crossed the yellow line, and crashed into the left front portion of the 2005 Chrysler Town and Country driven by Robert Stegner.[1] Both Robert and Sean died upon impact, survived by Robert's widow Yumiko Stegner, then age 49, and their daughters Christina, 23, Laura, 21, and Melissa, 12.

The parties chose a bench trial before me and presented testimony on May 27, 2009, limited to damages. Post-trial briefing was completed in June, and my rulings now follow.

First, as to the survival action brought by the Estate of Sean Stegner, it is conceded there is no proof of pre-impact fright, or conscious pain and suffering, and no economic damages have been identified. Accordingly, no damages may be awarded to Sean's estate, and that claim will be dismissed.

---

[1] Ms. Carter also may have been intoxicated, but that is not necessary to decide for purposes of this opinion.

Second, as to the survival action for the Estate of Robert Stegner, a claim for pre-impact fright was made based on an accident reconstruction that shows the possibility of less than a second's realization of the impact by Robert before it occurred.  This possibility, however, is not supported by any tire marks left by the Stegner vehicle at the scene, nor by any other evidence of braking or swerving by his car.  Damages for pre-impact fright may be awarded if they are "capable of objective determination," *Beynon v. Montgomery Cablevision Lt'd Ptnrship,* 351 Md. 460, 464 (1998).  When the lack of evidence of braking or swerving is combined with the extremely short time frame, I must conclude that the standard has not been met.  *Id.* at 507 (finding that 71.5 feet of skid marks made by the decedent's car before the crash objectively showed decedent's pre-impact fright).

Robert's estate, however, has a claim for economic damages in the amounts of $2,968,366 for lost wages, $122,980 for lost pension benefits, and $213,318 for lost household services, for a total of $3,304,664.  This claim is supported by the report of economist Dr. Richard Lurito, who subtracted $605,826 from his calculations for Robert's personal maintenance and of course reduced the $4.9 million total income loss to present value.  He assumed that Mr. Stegner would work until age 66, and used an average annual income estimate[2] of $210,000 (base salary plus incentives) increasing at 4.6% per year.  (See Pltfs.' Ex. 2).

The defendant responds that, given Mr. Stegner's actual base salary of $177,574 and the significant variations in his total income over the past five years, combined with a lack of support for a 4.6% yearly increase in pay, the total amount of salary (and therefore pension) loss

---

[2] From 2003-2007, Mr. Stegner's earnings averaged $195,128, but the last two years were significantly higher.

is inflated.  On the other hand, no opposing economist's report was offered, and one may take note that a 49-year-old father with a 12-year-old daughter might well work to his full capacity at least until age 66, as stated, to support her into the college years.  I do not find defense counsel's challenges to Dr. Lurito sufficient to invalidate the estate's claim, recognizing that these categories of damages are not often capable of mathematically precise calculation.  Accordingly, the requested amounts will be awarded without reduction.

Yumiko Stegner has a claim for noneconomic damages for the wrongful death of her son Sean; she and her daughters have a claim for noneconomic damages for the death of Robert Stegner.  In the extraordinarily difficult attempt to assess an appropriate amount of monetary compensation for such a loss, the court looks to the uncontradicted evidence that this was a close and loving family.  Robert and Yumiko celebrated their 25th wedding anniversary seven months before his death.  Perhaps because Yumiko's job took her away from home as many as three days out of ten, Robert took on a particularly active role in every aspect of their four children's lives, even when the children were quite young.  The sisters were close to Sean; the family traveled together frequently.  The emotional trauma caused by the news of Robert and Sean's violent death, combined with the continuing deep pain of their absence, warrants the maximum award under the law.

That maximum is controlled by Maryland's cap on non-economic damages,  Md. Code Ann. § 11-108(b). Recognizing that a jury may award more, which the court must then reduce, I see no basis for the court to award more than it knows the law permits.  Accordingly, Yumiko Stegner will be awarded $695,000 for the death of her son Sean; Yumiko and her daughters

collectively will be awarded a total of $1,042,500 for the death of Robert Stegner.[3]

Plaintiff's counsel is requested to submit a proposed Order by **October 23, 2009**, agreed upon as to form if possible, implementing these awards and entering judgment on the claims.

|  |  |
|---|---|
| October 2, 2009 | /s/ |
| Date | Catherine C. Blake |
|  | United States District Judge |

---

[3] I suggest that the plaintiffs apportion this amount among themselves, unless they prefer that I do so.